UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEROME DAVIS                                                CIVIL ACTION

VERSUS                                                      NUMBER: 15-2799

ORLEANS SHERIFF: OPP                                        SECTION: "R"(5)
CTA 2-1
NEW ORLEANS, LA 70119
MARLIN GUSMAN

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Jerome Davis, against Defendant, Marlin N. Gusman, Sheriff of Orleans Parish. (Rec. doc. 4, pp. 1, 4).

Plaintiff is an inmate of the Orleans Parish Prison ("OPP") in New Orleans, Louisiana, since the date of his arrest on June 17, 2015. In a less-than-artful fashion, Plaintiff appears to allege that areas of OPP have rust, mold, and/or leaking ceilings, resulting in Plaintiff experiencing a sore throat, headaches, coughing, chest pain, congestion, and a runny nose. He also appears to allege that a sick-call request went unanswered for a month but was recently responded to in connection with some other unrelated malady. For these alleged substandard jail conditions, Plaintiff seeks a "$25,000.00 settlement." (Rec. doc. 4, pp. 4-5).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal

reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff gives no indication in his complaint of the capacity in which the named Defendant is being sued. "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). "'In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff ". . . must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against the named Defendant in his official capacity fail to state a claim upon which relief can be granted, as he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Viewing Plaintiff's allegations as being made against the named Defendant in his individual capacity he fares no better because "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires

more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Id.* at *1 (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)). This is so because "'[p]ersonal involvement is an essential element of a civil rights cause of action.'" *Id.* (quoting *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)). Supervisory officials like the Warden ". . . cannot be held liable for federal civil rights violations allegedly committed by his associates based merely on a theory of strict liability or vicarious liability." *Id.* (footnotes omitted). *Respondeat superior* is simply not a concept that is applicable to proceedings brought under §1983. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985); *Lozano v. Smith*, 719 F.2d 756, 768, (5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

Other than identifying the Sheriff as the Defendant in the caption of and again on page four of his complaint, Plaintiff's principal pleading contains no allegations whatsoever regarding the Sheriff's involvement in the matters of which he complains herein. The allegations made by Plaintiff are simply insufficient to state a claim against the Sheriff here. *Carter*, 2009 WL 3231826 at *1-2. Moreover, the mere presence of rust, mold, or other similar conditions, while possibly unpleasant and uncomfortable, does not establish a constitutional violation. *Billizone v. Jefferson Parish Corr. Center*, No. 14-CV-1263, 2015 WL 1897683 at *3-4 (E.D. La. Apr. 27, 2015). For these reasons, it will be recommended that Plaintiff's suit against the Sheriff be dismissed with prejudice under §1915(e)(2)(B)(i) and (ii).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 23rd day of September, 2015.

                                             MICHAEL B. NORTH
                                   UNITED STATES MAGISTRATE JUDGE